**Romeo REGGI and Ida Reggi, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C-84-7375-WWS.**

United States District Court, N.D. California.

March 4, 1986.

Malcolm A. King, Remsen C. Barnard, Walnut Creek, Cal., for plaintiffs.

Jay R. Weill, Asst. U.S. Atty., San Francisco, Cal., for defendant.

SCHWARZER, District Judge.

This matter came on for hearing on the plaintiffs' application for an award of attorney fees pursuant to 26 U.S.C. § 7430(a). For the reasons stated, the motion is denied and this action dismissed.

This complaint for a tax refund was filed on November 26, 1984. The issues in the case involved the substantiation of deductions claimed by plaintiffs on their 1979 tax return. The plaintiffs' 1979 return had been filed on or about May 19, 1980. Upon audit the IRS disallowed certain deductions claimed by plaintiffs for lack of substantiation. An assessment was made on September 6, 1982. Plaintiffs paid the assessment and on or about January 26, 1984 filed an amended tax return claiming a refund of the additional taxes paid and enclosing substantiation for the claimed deductions.

The IRS was in the process of examining the amended return and accompanying substantiation when this lawsuit was filed on November 26, 1984. In fact, the Revenue Agent assigned the return had determined to allow the claim based on the substantiation. However, as soon as this lawsuit was commenced, jurisdiction over the action was transferred to the Department of Justice.

On January 28, 1985 the U.S. Attorney's Office informed plaintiffs' counsel that the Revenue Agent had recommended that the claim be allowed. On or about March 14, 1985 the U.S. Attorney's Office upon receipt of the IRS files recommended to the Department of Justice that this case be conceded. On June 7, 1985 the U.S. Attorney's Office was notified that the Department of Justice had approved the concession. Plaintiffs' counsel was notified of the concession on June 10, 1985. On July 1, 1985 this action was dismissed upon stipulation of the parties. On December 18, 1985 plaintiffs' counsel was mailed a refund check in the amount of $39,575.46, which included $19,256.26 in interest.

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97-248, 96 Stat. 324, Section 292(a), amended the Internal Revenue Code of 1954 (26 U.S.C.) to authorize the award of reasonable attor-

**6**

ney's fees and other litigation costs to parties who substantially prevail in civil tax litigation in federal courts and who can show that the Government's position was unreasonable. In order for a party to be awarded reasonable litigation costs under Section 7430, the administrative remedies available to the party within the Internal Revenue Service must have been exhausted. § 7430(b)(2). In addition, only a "prevailing party," as defined in § 7430(c)(2), may be awarded judgment for reasonable litigation costs incurred in a civil proceeding. Thus, only a party who (1) substantially prevails, (2) exhausts his administrative remedies, and (3) proves that the Government's position in the proceeding was unreasonable, is eligible for an award of litigation costs. In this case as soon as the U.S. Attorney's Office received the IRS administrative files it recommended that the case be conceded. The concession was approved by the Department of Justice on June 7, 1985.

Plaintiffs complain that the IRS took too much time in processing his refund claim and agreeing to the refund he eventually received in December 1985. According to plaintiffs this delay establishes that the government's position in the proceeding was unreasonable. The Court is unwilling to equate a delay in the bureaucracy of the IRS in processing a claim as an unreasonable position in the proceeding. The IRS took no position until it could gather all records in order to determine its position. Once those records had been retrieved, the IRS agreed to a refund. Congress did not intend that attorney fee awards under § 7430 would be awarded as a result of the Internal Revenue Service not timely responding to an inquiry or claim made by a taxpayer. The Internal Revenue Service must affirmatively take a position before an award of fees could be justified.

The motion is therefore denied and this action dismissed.

IT IS SO ORDERED.